**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANAGEMENT DATA SYSTEMS, Sp. z o.o., | : |
| Plaintiff, | : Civil Action No. 13-3250 (MAS) (DEA) |
| v. | : **MEMORANDUM OPINION** |
| GENERIS KNOWLEDGE MANAGEMENT, INC., | : |
| Defendant. | : |

**SHIPP, District Judge**

This diversity action arises from a contractual dispute between Plaintiff Management Data Systems, Sp. z o.o. ("MDS"), a Polish corporation, and Defendant Generis Knowledge Management, Inc. ("Generis"), a company based in New Jersey. Now before the Court is MDS's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss two of Defendant Generis Knowledge Management's four counterclaims. (Pl.'s Mot., ECF No. 10.) Defendant filed opposition (Def.'s Opp'n, ECF No. 13) and Plaintiff replied (Pl.'s Reply, ECF No. 14). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, MDS's motion is granted.

I. **Background**

In its Complaint (ECF No. 1), MDS alleges that Generis owes it over $150,000 for software development services rendered between early 2006 and June 2011. Generis, in its Answer (ECF No. 6), denies MDS's claim and interposes several of its own. At issue here are

Generis's third and fourth counterclaims, which allege false advertising under the Lanham Act and "injurious falsehood" under New Jersey state common law. (Ans. ¶¶ 11-27.) These counterclaims are based on an allegedly disparaging comment posted on a social media website soon after this action was commenced.

In June 2013, Generis posted a promotion for its newest software on its publicly accessible LinkedIn page. Generis alleges that MDS Vice President Michal Wierzbicki replied to the post with a hyperlink to MDS's "competitive software product" and a comment, which read:

> [Y]ou should at least order more modifications in our code – cause it looks
> the same . . More info about (l.ex. dev. Improvement) – [hyperlink]

(Ans. ¶ 13 & Exh. A.) According to Generis, Wierzbicki's comment "undermine[s] Generis' reputation and goodwill by suggesting that Generis' product is inferior when that is not the case." (Ans. ¶ 16.)

## II. Standard of Review

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all well-pleaded factual allegations and construe the pleading in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the facts alleged make out a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The court may, however, consider "an undisputedly authentic document

that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

### III. Discussion

#### A. Lanham Act Counterclaim

To state a false advertising claim under section 43(a)(1)(B) of the Lanham Act, a plaintiff must allege:

> 1) that the defendant has made false or misleading statements as to his own product or another's; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*Warner–Lambert Co. v. BreathAsure, Inc.*, 204 F.3d 87, 91-92 (3d Cir. 2000). "If an advertisement is literally false, the plaintiff does not have to prove actual consumer deception." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 171 (3d Cir. 2001).

Here, the Answer fails to plausibly allege a materially false or misleading statement. Construing the allegations in the light most favorable to Generis, Wierzbicki's somewhat cryptic comment notes a similarity in the code underlying Generis and MDS's software. Generis's factual allegations cast no doubt on the veracity of this observation. To the contrary, Generis admits that it contracted with MDS to develop software (Ans. ¶ 8), so it would not be surprising if the two companies' products bore some similarity to each other.

For this reason, Generis's Lanham Act counterclaim fails and is dismissed without prejudice.

3

### B. Injurious Falsehood Counterclaim

A false statement is a prerequisite to a claim of injurious falsehood under New Jersey state law. *New Jersey Auto. Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 409 (D.N.J. 1998) (the elements of an injurious falsehood claim are "1) publication, 2) with malice, 3) of false allegations about the plaintiff's product or property, 4) that causes special damages"). As discussed above, Generis fails to plausibly allege a false statement by MDS. Thus, Generis's fourth counterclaim fails. It too is dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, and for other good cause shown, MDS's motion to dismiss is granted and Generis's third and fourth counterclaims are dismissed without prejudice. An appropriate order follows.

_____
Michael A. Shipp
United States District Judge

Dated: April 11th, 2014